# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MARY BRADY, PERSONAL REPRESENTATIVE
OF THE ESTATE OF DONALD MURRAY,

        Plaintiff,

vs.

Case No.
Hon.

CITY OF WESTLAND, CITY OF WESTLAND
POLICE OFFICER DAWLEY, CITY OF WESTLAND
POLICE SARGEANT BIRD, CITY OF WESTLAND
POLICE LIEUTENANT BENSON, CITY OF WESTLAND
POLICE OFFICER MYTYCH, CITY OF GARDEN CITY
POLICE OFFICER LORENZETTI,

        Defendants.

[handwritten note: Mytych – WL P.O. / Stephen Bird / Kyle Dawley]

ROMANO LAW, P.L.L.C
DANIEL G. ROMANO (P49117)
DAVID G. BLAKE (P73544)
Attorneys for Plaintiff
26555 Evergreen Road, Suite 1500
Southfield, Michigan 48076
(248) 750-0270
dromano@romanolawpllc.com
dblake@romanolawpllc.com

---

*There is no other pending or resolved civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint*

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, MARY BRADY, Personal Representative of the ESTATE OF DONALD MURRAY, by and through her attorneys, ROMANO LAW, PLLC, and for her Complaint against the above-named Defendants, states as follows:

1

## GENERAL ALLEGATIONS

1. This is a Wrongful Death action brought by Plaintiff in her representative capacity against Defendants for their violation of the clearly established constitutional rights of Plaintiff's Decedent and the damages resulting there from.

2. Mary Brady is the mother of Plaintiff's Decedent, Donald Murray. She is a resident of the City of Adrian, County of Lenawee. She is the duly appointed Personal Representative of the Estate of Donald Murray pursuant to an Order of the Lenawee County Probate Court and Letters of Authority which have been issued empowering her to bring this lawsuit against the listed Defendants.

3. This action is brought pursuant to 42 USC 1983. Jurisdiction is conferred by 28 USC 1331 & 1343. Venue is proper pursuant to 28 USC 1391, since this action and all Defendants reside or are located and the events giving rise to this action occurred in this District.

4. At all times relevant hereto, Plaintiff's Decedent, Donald Murray was a resident of the City of Westland, Wayne County, Michigan.

5. At all times relevant hereto, Defendants, Dawley, Bird, Benson, and Mytech were employed with the City of Westland Police Department and were acting within the scope of their employment as agents of the City of Westland Police Department, under the color of state law, cloaked with authority which was granted to them as law enforcement officers. These Defendants were on duty and acted in concert with each other and mutually achieved the result of Decedent's injuries ultimately resulting in

2

his death. These Defendants are sued in their individual capacity and their official capacities, jointly and severally.

6. At all times relevant hereto, Defendant Lorenzetti was employed with the City of Garden City Police Department and was acting within the scope of his employment as an agent of the City of Garden City Police Department, under the color of state law, cloaked with authority which was granted to him as a law enforcement officer. This Defendant was on duty and acted in concert with the aforementioned Defendants and mutually achieved the result of Decedent's injuries ultimately resulting in his death. This Defendant is sued in his individual capacity and his official capacity, jointly and severally.

7. Defendant City of Westland is a municipal corporation within the State of Michigan and at all times relevant hereto did operate a Police Department pursuant to the statutes of the State of Michigan.

8. As a direct and proximate result of the acts, omissions and egregious conduct by Defendants, Plaintiff's Decedent, Donald Murray:

   A. Was beaten and tasered, which proximately caused an agonizing and painful death to occur;

   B. Suffered prolonged pain and mental anguish prior to his death; and

   C. Suffered a permanent loss of consciousness, health, life's activities and ability to lead a life as a whole, and died on July 30, 2011.

9. In accordance with the provisions of MCL 600.2922, a Wrongful Death action has accrued to Plaintiff Mary Brady, as Personal Representative of the Estate of Donald Murray.

3

10. In accordance with the provisions of the Wrongful Death statute and/or Survival statute, Plaintiff is entitled to certain damages including but not limited to:

   A. Reasonable compensation for funeral, medical, and hospital expenses for which the Estate is responsible;

   B. Reasonable compensation for the pain and suffering undergone by the deceased person during the intervening period of time from the initial injury until death;

   C. Reasonable compensation for injuries and damages resulting in the death of Donald Murray to his heirs-at law and next-of-kin to compensate for the damages and loss of support and maintenance, services, gifts, and other valuable gratuities, and other damages herein mentioned as may be fair and just;

   D. Damages for the loss of the continued love, society, companionship, consortium, comfort, affection, fellowship, parental training and guidance, aid, and other assistance which Donald Murray's heirs-at-law and next-of-kin are respectfully entitled to and other damages as may be fair and just; and

   E. Other damages as may be fair, just, permitted and recoverable by law.

11. On July 30, 2011, Defendants were dispatched to an alleged assault involving Plaintiff's Decedent, Donald Murray.

12. Upon arrival at the scene, Defendants, acting in concert, forcefully detained Plaintiff's Decedent and used excessive physical force to keep him on the ground and even though he clearly required medical attention and was in a severely distressed state, applied Taser applications to Plaintiff's Decedent's person.

13. Plaintiff's Decedent was conveyed to Garden City Hospital in Garden City, Michigan where he was pronounced dead.

## COUNT I
## Constitutional Deprivation
## 42 U.S.C. §1983

14. Plaintiff incorporates by reference paragraphs 1 through 13 above as though fully stated herein, paragraph by paragraph, and word for word.

15. Plaintiff's Decedent's constitutionally protected rights include:

   A. His right to be secure in his person against unreasonable searches and seizures as provided for in the United States Constitution.

16. On July 30, 2011, Defendants individually and acting in concert, were deliberately indifferent to the clearly established constitutional rights of Donald Murray, to wit:

   A. Failed to adequately assess the quantum and effect of the force visited upon Plaintiff's Decedent; and

   B. Used more force that was reasonably necessary to effectuate the arrest of Plaintiff's Decedent.

17. The actions of the individual Defendants were so severe, so wanton, and reflect such a quantum disregard for constitutionally protected rights, Plaintiff Mary Brady, Representative of the Estate of Donald Murray, requests punitive damages for the constitutional violations.

WHEREFORE, Plaintiff prays this Honorable Court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages, compensatory and punitive so wrongfully sustained by Plaintiff together with interest, costs and attorney fees under 42 U.S.C. §1988.

## COUNT II
### Liability as to Defendant City of Westland
### 42 U.S.C. §1983

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as if fully stated herein, paragraph by paragraph, and word for word.

19. Defendant, City of Westland, through its policy making officials demonstrated actual awareness of and conscious disregard to the substantial risk to Plaintiffs Decedent in that they:

   A. Failed to adequately screen, hire, train and employ capable and professional officers;

   B. Failed to properly train its professional officers in the proper, safe, utility of Tasers; and

   C. Failed to adequately investigate and discipline repeated acts of misconduct of its professional officers.

20. Defendant, City of Westland, as a corporate entity and through its agents has repeatedly violated the constitutional rights of arrestees, resulting in serious injury and even death. Despite the City of Westland's poor record of constitutional rights violations for past and present arrestees, the City has refused to change any policy or conduct day-to-day activities any differently.

21. Defendant, City of Westland, as a corporate entity and through its agents, by its policy making officials including its Police Chief, caused or permitted the aforesaid systemic deficiencies to percolate and perpetuate, and continuously failed to remedy them, all as a matter of policy, practice and custom. At all relevant times, the individual Defendants were acting pursuant to policy, practice and custom, and Defendant City of Westland is thus liable for the acts and omissions.

6

22. Plaintiff seeks declaratory and injunctive relief prohibiting the use of Taser devices by officers of the City of Westland Police Department as it is clear its officers' training did not rise to a minimal constitutional level as guaranteed to detainees who are subjected to the use of excessive force and abuse which was proximately related to the injuries sustained by Plaintiff's decedent.

WHEREFORE Plaintiff prays this Honorable Court enter Judgment against Defendants jointly and severally, in whatever amount is fair, just and equitable for the injuries and damages so wrongfully sustained by Plaintiff together with interest, cost and attorney fees under 42 U.S.C.§ 1988.

## COUNT III
### Gross Negligence, Willful and Wanton Misconduct, Assault, Battery, Intentional Infliction of Emotional Distress-All Defendants

23. Plaintiff incorporates by reference paragraphs 1 through 22 above as though fully stated herein, paragraph by paragraph, and word for word.

24. That Defendants acts constitute gross negligence, willful and wanton misconduct, assault, battery, and or intentional infliction of emotional distress on Plaintiff's Decedent, and as a direct and proximate cause of the acts of Defendants, Plaintiff's Decedent suffered severe injuries, which resulted in the painful and lingering suffering and ultimately, his death.

25. That Plaintiff now seeks compensation for damages as recoverable under Michigan Law.

26. That as a direct and proximate result of the wrongful acts of Defendants as aforesaid, that Plaintiff's Decedent sustained severe injuries and death.

27. That Plaintiff's Decedent left surviving as his heirs at law next of kin, the following persons with the following relations:

7

    A. Mary Brady, Mother

    B. Renee Nutt, Sister

28. That as a direct and proximate result of the actions of the Defendants in total and individually as alleged herein, Plaintiff's Decedent, Donald Murray, sustained personal injuries and death.

29. That the within cause is brought on behalf of said Estate and the heirs and next of kin of said Decedent to recover for conscience pain and suffering suffered by Plaintiff's Decedent prior to his death, loss of love, affection, companionship, and income services sustained by Plaintiff Decedent's heirs at law and next of kin, as a result of the death of Plaintiff's Decedent, Donald Murray, the funeral, burial expense, and any and all amounts recoverable under the statutes and case law of the State of Michigan, next of kin in our state of said deceased.

30. That Plaintiff's Estate and heirs of Plaintiff's Decedent, Donald Murray, as a direct and proximate result of the acts alleged herein were damaged by a loss of love, services, society, affection, advise, consortium, and earnings by reason of the injuries to their said relative.

31. That as a direct and proximate result of the acts alleged herein, the Plaintiff Estate extended or became liable for various sums of money in and about securing medical supplies and attention for said Decedent and will be liable for any such bills.

32. That Defendants intentionally and without provocation or justification did do the acts described, all excluded from Government Immunity to Plaintiff's Decedent Donald Murray, causing him severe and debilitating injury to his head and other body parts.

8

33. The Defendants intentionally and without provocation or justification did use excessive force on Plaintiff's Decedent, Donald Murray.

34. As a direct and proximate result of Defendants' assault and battery of Plaintiff's Decedent, Plaintiff's Decedent suffered injury and damages, past, present and future and must be compensated consistent with the provisions in the Michigan Wrongful Death Statute.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

Respectfully submitted,

/s/David G. Blake
DANIEL G. ROMANO (P49117)
DAVID G. BLAKE (P73544)
Attorneys for Plaintiff
26555 Evergreen, Suite 1500
Southfield, MI 48076
(248) 750-0270
dromano@romanolawpllc.com
dblake@romanolawpllc.com

DATED: May 31, 2012

9

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through her attorneys, ROMANO LAW, P.L.L.C., and hereby demands a trial by jury of the within cause.

/s/David G. Blake
DANIEL G. ROMANO (P49117)
DAVID G. BLAKE (P73544)
Attorneys for Plaintiff
26555 Evergreen, Suite 1500
Southfield, MI 48076
(248) 750-0270
dromano@romanolawpllc.com
dblake@romanolawpllc.com

DATED: May 31, 2012