**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARY BRADY, Personal Representative of the Estate of
DONALD MURRAY, Deceased,

    Plaintiff,

vs.                                                                                       Case No. 12-12365
                                                                                  Honorable Gerald Rosen

CITY OF WESTLAND,
CITY OF WESTLAND POLICE OFFICER DAWLEY,
CITY OF WESTLAND POLICE SARGEANT BIRD,
CITY OF WESTLAND POLICE LIEUTENANT BENSON,
CITY OF WESTLAND POLICE OFFICER MYTYCH, and
CITY OF GARDEN CITY POLICE OFFICER LORENZETTI,

    Defendants.

_____

| | |
|---|---|
| ROMANO LAW, P.L.L.C | CUMMINGS, McCLOREY, DAVIS & ACHO |
| DANIEL G. ROMANO (P49117) | Gregory A. Roberts (P33984) |
| DAVID G. BLAKE (P73544) | Attorneys for Defendants, City of Westland, Sgt. |
| Attorneys for Plaintiff | Bird, Lt. Benson and Westland Police Officers |
| 26555 Evergreen Road, Suite 1500 | Dawley and Mytych |
| Southfield, Michigan 48076 | 33900 Schoolcraft Road |
| (248) 750-0270 | Livonia, MI 48150 |
| dromano@romanolawpllc.com | (734) 261-2400 |
| dblake@romanolawpllc.com | grobert@cmda-law.com |

HEMMING, POLACZYK, CRONIN,
WITTHOFF & BENNETT, P.C.
RONALD E. WITTHOFF (P23040)
TIMOTHY L. CRONIN (26417)
Attorneys for Defendant, Garden City
Police Officer Lorenzetti
217 W. Ann Arbor Rd., Suite 302
Plymouth, MI 48170
(734) 453-7877
tcronin@hpcswb.com
rwitthoff@hpcswb.com

1

**PLAINTIFF'S RESPONSE TO
WESTLAND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, MARY BRADY, personal representative of the Estate of Donald Murray, by her Attorneys, ROMANO LAW, P.L.L.C., and in response to Westland Defendant's Motion for Summary Judgment denies all allegations set forth by Defendant and relying upon Plaintiff's attached Brief hereto, respectfully requests this Honorable Court to deny Defendants' Motion for Summary Judgment.

                              Respectfully submitted,

                              **ROMANO LAW, P.L.L.C.**

BY: */s/ David G. Blake*
     DANIEL G. ROMANO (P49117)
     DAVID G. BLAKE (P73544)
     Attorneys for Plaintiff
     26555 Evergreen Road, Suite 1500
     Southfield, Michigan 48076
     248-750-0270 / fax 248-936-2105

Dated: May 13, 2013      dromano@romanolawpllc.com
     dblake@romanolawpllc.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARY BRADY, Personal Representative of the Estate of
DONALD MURRAY, Deceased,

      Plaintiff,

vs.                                            Case No. 12-12365
                                                  Honorable Gerald Rosen

CITY OF WESTLAND,
CITY OF WESTLAND POLICE OFFICER DAWLEY,
CITY OF WESTLAND POLICE SARGEANT BIRD,
CITY OF WESTLAND POLICE LIEUTENANT BENSON,
CITY OF WESTLAND POLICE OFFICER MYTYCH, and
CITY OF GARDEN CITY POLICE OFFICER LORENZETTI,

      Defendants.

---

| | |
|---|---|
| ROMANO LAW, P.L.L.C<br>DANIEL G. ROMANO (P49117)<br>DAVID G. BLAKE (P73544)<br>Attorneys for Plaintiff<br>26555 Evergreen Road, Suite 1500<br>Southfield, Michigan 48076<br>(248) 750-0270<br>dromano@romanolawpllc.com<br>dblake@romanolawpllc.com | CUMMINGS, McCLOREY, DAVIS & ACHO<br>Gregory A. Roberts (P33984)<br>Attorneys for Defendants, City of Westland, Sgt. Bird, Lt. Benson and Westland Police Officers Dawley and Mytych<br>33900 Schoolcraft Road<br>Livonia, MI 48150<br>(734) 261-2400<br>grobert@cmda-law.com |
| HEMMING, POLACZYK, CRONIN,<br>WITTHOFF & BENNETT, P.C.<br>RONALD E. WITTHOFF (P23040)<br>TIMOTHY L. CRONIN (26417)<br>Attorneys for Defendant, Garden City<br>Police Officer Lorenzetti<br>217 W. Ann Arbor Rd., Suite 302<br>Plymouth, MI 48170<br>(734) 453-7877<br>tcronin@hpcswb.com<br>rwitthoff@hpcswb.com | |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO
WESTLAND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN. SUITE 1500 • SOUTHFIELD. MICHIGAN 48076 • (248) 750-0270

## **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ........................................................................... 6

INDEX OF AUTHORITIES.......................................................................................................... 7

COUNTER STATEMENT OF FACTS ........................................................................................ 7

     I      INTRODUCTION .......................................................................................... 9

     II.    FACTS ............................................................................................................ 9

ARGUMENT AND LAW……………………………………………………………8-19

CONCLUSION………………………………………………………19

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN. SUITE 1500 • SOUTHFIELD. MICHIGAN 48076 • (248) 750-0270

## **STATEMENT OF THE ISSUES PRESENTED**

I. WHETHER PLAINTIFF HAS FAILED TO PROSECUTE HER CASE?

Plaintiff answers: NO

Defendants answer: YES

II. WHETHER THE DEFENDANT OFFICERS FROM BOTH DEPARTMENTS HAVE QUALIFIED IMMUNITY FROM HE CLAIMS OF THE ESTATE IN THAT THEIR USE OF FORCE WAS OBJECTIVELY REASONABLE AND DID NOT CONSTITUTE EXCESS FORCE IN VIOLATION OF ANY CONSTITUTION RIGHTS?

Plaintiff answers: NO

Defendants answer: YES

III. WHETHER THE USE OF A TASER IN THE CIRCUMSTANCES DOES NOT CONSTITUTE EXCESSIVE FORCE?

Plaintiff answers: NO

Defendants answer: YES

IV. WHETHER PLAINTIFF HAS FAILED TO ESTABLISH A SEC. 1983 CLAIM AGASINT THE CITY OF WESTLAND BECAUSE THERE IS NO EVIDENCE THAT THE CITY'S POLICY OR CUSTOM CAUSED THE ALLEGED CONSTITUTION VIOLATION?

Plaintiff answers: NO

Defendants answer: YES

V. WHETHER WESTLAND POLICE OFFICER DAWLEY IS ENTITLED TO DISMISSAL BEING HE WAS NOT PRESENT WHEN DONALD MURRAY WAS DETAINED AND ARRESTED AND DID NOT PARTICIPATE IN ANY ASPECT OF THE CONFRONTATION WITH THE DECEDENT?

Plaintiff answers: YES

Defendants answer: YES

# INDEX OF AUTHORITIES

**CASES**

*Anderson v Liberty Lobby, Inc* 477 US 242, 248 (1986) .................................................. 9, 10, 15

*Anderson v Liberty Lobby, Inc* 477 US 242, 248, 91 LED 2d 202, 106 S CT 2505 (1986); .............. 9

*Anderson v Liberty Lobby, Inc,* 477 US 242, 248 (1986) ...................................................................... 9

*Berkemer v. McCarty*, 468 US 420 (1984) ........................................................................................ 14

*Brewer v. Perrin*, 132 Mich. App. 520. 349 N.W.2D 198, 202 (1984) ........................................ 19

*Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002) ................................................................ 15

*Celotex v Catrett,* 477 US 317, 325, 91 LED 2d 265, 106 S CT 254 8 (1986). ................................. 9

*Champion v. Outlook Nashville*, 380 F.3d 893 (6th Cir. 2004) ..................................................... 10

*Dunn vs. Matatall*, 549 F.3d 348 (C.A. 6 2008) .............................................................................. 12

Federal Rules of Civil Procedure 56(c) ............................................................................................ 9

*Floyd v. City of Detroit*, 518 F.3d 398 (6th Cir. 2007) ................................................................ 14

*Garner v. Memphis Police Dep't*, 710 F.2d 240, 246 (6th Cir. 1983) ........................................... 10

*Graham v. Connor*, 490 U.S. 386 (1989) ...................................................................................... 14

*Harlow v. Fitzgerald,* 457 US 800, 817-19 (1982) ....................................................................... 15

*Holmes v. City of Massillon, Ohio,* 78 F.3d 1041, 1048 (6th Cir. 1996) ...................................... 17

*Humphrey v. Mabry,* 482 F.3d 840, 846 (6th Cir.2007) .............................................................. 11

*James Johnson v City of Ecorse,* 137 F Supp 2d 866, 890; 2001 US Dist LEXIS 4462 (2001) .... 9

*Ker v. California*, 374 U.S. 23 (1963) ............................................................................................. 14

*Landis v. Baker*, 297 Fed. Appx. 453 (6th Cir. 2008) ............................................................. 10, 11

*Martin v. Heideman,* 106 F.3d 1308, 1312 (6th Cir. 1997) ........................................................... 17

*Matsushita Elec Ind Co v Zenith Radio Corp,* 475 US 574 (1986) ..................................................... 9

*McDowell v. Rogers,* 863 F.2d 1302, 1307 (6th Cir. 1988) ............................................................ 16

*McDowell v. Rogers,* 863 F.2d 1302, 1307 (6th Cir. 1988); *Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir. 2002) *cert denied*, 537 U.S. 1004 (2003) .......................................................................... 16

*Miller v. Sanilac County*, 606 F.3d 240 (6th Cir. 2010) ................................................................ 10

*Morrison v. Board of Trustees of Green Twp.,* 583 F.3d 394 (6th Cir. 2009)............................... 17

*Morrison v. Board of Trustees of Green Twp.,* 583 F.3d 394 (6th Cir. 2009). .............................. 17

*Pray v. City of Sandusky* 49 F.3d 1154, 1158 (6th Cir. 1995) ....................................................... 15

*Pray v. City of Sandusky* 49F. 3d 1154, 1158 (6th Cir. 1995) ...................................................... 15

*Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988) ................................................................... 10

*Scott v. Harris*, 550 U.S. 372 (2007) ............................................................................................ 13

*Smith v. Michigan*, 122 Mich. App. 340, 344-46; 333 N.W.2d 50 (1983) .................................... 19

*Smith v. Yono*, 613 F. Supp. 50, 54 (E.D. Mich. 1974).................................................................. 19

*Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006)........................................................................ 17

*Terry v. Ohio*, 392 U.S. 1, 28-29 (1968)........................................................................................ 15

*U.S. v. Jacobsen*, 466 U.S. 109, 124 (1984.................................................................................. 17

*U.S. v. Jacobsen*, 466 U.S. 109, 124 (1984) ................................................................................. 17

*U. S. v. Place*, 462 U.S. 696 703 (1983) ...................................................................................... 15

*White v. City of Vasser*, 157 Mich. App. 282, 293, 403 N.W.2d 124 (1984) ............................... 19

**RULES**

FRCP 56 (c),..................................................................................................................................... 9

**CONSTITUTIONAL PROVISIONS**

The Fourth Amendment................................................................................................................. 14

Fourteenth Amendments................................................................................................................ 14

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN. SUITE 1500 • SOUTHFIELD. MICHIGAN 48076 • (248) 750-0270

## COUNTER STATEMENT OF FACTS

**INTRODUCTION**

Plaintiff, Mary Brady's claim against Defendants arises pursuant to 42 U.S.C. § 1983 and is predicated upon an incident that occurred on July 30, 2011. At that time, Westland Police Officers Dawley, Bird, Benson, and Mytych (hereinafter the, "Westland Defendants or Defendants") used excessive force in violation of the Fourth Amendment when they effectuated the arrest of decedent, Donald Murray. The excessive force used by the Defendants against Plaintiff's son, Donald Murray, resulted in Mr. Murray being pronounced dead a short time thereafter.

Pursuant to the standard set forth by FRCP 56, Defendants must take Plaintiff's version of events as true while moving for Summary Judgment. It is Plaintiff's position that following a clear-eyed examination of the record evidence, applicable statutory authority and caselaw, this Honorable Court will agree that questions of fact exist on each and every cause of action asserted by Plaintiff. As such, Summary Judgment should be denied at this time as a matter of law.

**FACTS**

On July 30, 2011, Defendants confronted decedent, Donald Murray, following what can best be described as an "affray" in Westland, Michigan. While on routine patrol, Westland Defendant, Bird, Mytych, and Benson were dispatched to 31127 Beechnut Street, in Westland, Michigan. Upon arrival, the Defendants assisted Defendant Garden City Officer Lorenzetti in subduing Mr. Murray and placing him under arrest. No evidence exists to suggest that Officers Bird, Mytych and Benson were not the primary aggressors in this incident. This fact is substantiated by the City of Westland Police Incident Report authored by the Defendants and attached hereto as Exhibit A. (**Exhibit A – City of Westland Narrative Police Report**).

9

By their own admissions, each of the individual Defendants made physical contact with Mr. Murray during the arrest process, additionally, Officer Bird unreasonably discharged his taser device without warning or provocation. (**Exhibit A – City of Westland Narrative Police Report**). Despite Defendants' self-serving assertions that the never struck, beat, abused or used any weapon in his efforts to handcuff Mr. Murray, there assertions are refuted by their own police report. Furthermore, as the attached photographs suggest, Mr. Murray sustained severe injuries to his arms, face, head and legs during his altercation with Defendants. (**Exhibit B – D. Murray photographs**) Injuries which raise a question of fact with respect to the amount of force exhibited in this matter. Shortly after his confrontation with Defendant, Mr. Murray was transported to Garden City Hospital where he was pronounced dead. Accordingly, summary judgment should be denied at this time as questions of fact exist with respect to the amount of force utilized by Defendants during their efforts to effectuate the arrest of Mr. Murray.

**STANDARD OF REVIEW**

Defendants bring their Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 56(c). Under FRCP 56 (c), Motion for Summary Judgment is granted only if the evidence indicates that no genuine issue of material fact exists. To avoid summary judgment the opposing party must set out sufficient evidence in the record to allow a reasonable jury to find for him at trial. *Anderson v Liberty Lobby, Inc,* 477 US 242, 248 (1986); *Matsushita Elec Ind Co v Zenith Radio Corp,* 475 US 574 (1986).

The sufficiency of the evidence is to be tested against a standard of proof that we control at trial *Anderson, supra.* The moving party has the burden of showing that there is an absence of evidence to support the non-moving parties case. *Celotex v Catrett,* 477 US 317, 325 (1986). In disposing of a Motion for Summary Judgment, this Court must consider the evidence in the light most

10

favorable to the non-moving party, but may weigh competing inferences for their pervasiveness. *Matsushita,* 475 US at 574. A Court's function is not to weigh the evidence and determine the truth of the matter as asserted, but determine whether there is a genuine issue for trial. The relevant inquiries is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *James Johnson v City of Ecorse,* 137 F Supp 2d 866, 890; 2001 US Dist LEXIS 4462 (2001).

**LAW AND ARGUMENT**

**I.      Plaintiff has not failed to prosecute her claim**

Despite Westland Defendants assertions to the contrary, Plaintiff has not failed to prosecute her claim against these Defendants. Following the filing of her complaint, Plaintiff has diligently undertaken discovery and met each discovery deadline imposed pursuant to this Honorable Court's scheduling order. Plaintiff has recently received discovery responses from co-Defendant in this matter, and will supplement any further discovery as necessary and provided by the applicable Federal Rules of Court.

**II.     The Defendants Officers from both Departments do not have qualified immunity from the Claims of the Estate in that their Use of Force was not objectively reasonable and did constitute excessive force in violation of decedents constitutional rights**

The issue of whether an official's conduct is protected by qualified immunity is a question of law. *Champion v. Outlook Nashville*, 380 F.3d 893 (6th Cir. 2004). **If the legal question relies upon the account of events that one chooses to believe, the question of liability is best reserved for the jury**. *Landis v. Baker*, 297 Fed. Appx. 453 (6th Cir. 2008). *Anderson v. Creighton*, 483 U.S. 635

11

(1987) established the standard for qualified immunity.[1] From *Anderson*, the Sixth Circuit crafted a lose formula for evaluating qualified immunity. [2]

Determining whether government officials are entitled to qualified involves two non-sequential considerations: First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Miller v. Sanilac County*, 606 F.3d 240 (6th Cir. 2010).

At the time of the underlying incident, it was clearly established in the Sixth Circuit that Plaintiff had a right be free from the use of excessive force unless perceived as a threat to the arresting officers or others. *See Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988), citing *Garner v. Memphis Police Dep't*, 710 F.2d 240, 246 (6th Cir. 1983). In this case, Plaintiff was subdued, and was no threat to anyone at the scene. There is – **at the very least** – a genuine issue of material fact as to whether Defendant should have known that his conduct violated Mr. Murray's rights.

Michigan courts have long held that the issue of qualified immunity is best tackled by the jury "if the legal question of immunity is completely dependent upon which view of the [disputed] facts is accepted by the jury. *Humphrey v. Mabry,* 482 F.3d 840, 846 (6th Cir.2007) (quoting *Brandenburg v. Cureton,* 882 F.2d 211, 216 (6th Cir.1989)).

---

[1] The *Anderson* court held that: Government officials performing discretionary functions [have] qualified immunity, shielding them from civil damages liability *as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated*. Somewhat more concretely, whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time it was taken. (Emphasis added).

[2] The Sixth Circuit has a hewed out a formula for evaluating qualified immunity claims from *Anderson*, which was expressed in *Williams v. Mehra*, 186 F.3d 685 (6th Cir. 1999). There the court established a 'tripartite' procedure when considering claims of qualified immunity: 1) Whether a constitutional right has been violated; 2) Whether the violated right was a clearly established one that a reasonable person would have known of and 3) Whether Plaintiff has alleged sufficient facts with supporting evidence to establish that the defendant's conduct was objectively reasonable in light of clearly established constitutional standards. See also, *Landis v. Baker*, *supra.*

**The Fourth Amendment**

A claim or cause of action predicated upon 42 U.S.C. § 1983 cannot stand in a vacuum. Rather, the constitutional violation alleged by Plaintiff must be named. In this case, Plaintiff's 42 U.S.C. § 1983 claim is predicated on the Fourth and Fourteenth Amendments of the U.S. Constitution. The Fourth Amendment of the U.S. Constitution is rendered applicable to the states by the operation of the Fourteenth Amendment. *See Ker v. California*, 374 U.S. 23 (1963).

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. CONST. amend. IV. In *Graham v. Connor*, 490 U.S. 386 (1989), the U.S. Supreme Court established that an allegation of excessive force used in arresting or otherwise seizing a person at liberty is to be brought under the auspices of the Fourth Amendment. Stopping a vehicle and detaining its occupants has long been determined as constituting a seizure. *Berkemer v. McCarty*, 468 US 420 (1984).

A seizure connotes a deliberate interference with the plaintiff's liberty by physical force or a show of authority that would make a reasonable person submit. *Floyd v. City of Detroit*, 518 F.3d 398 (6th Cir. 2007). The constitutionality of a seizure may be determined by the use of a balancing test; the 'nature and quality of the intrusion on the individual's Fourth Amendment interests' as juxtaposed with the 'importance of the governmental interests alleged to justify the intrusion.' *U.S. v. Place*, 462 U.S. 696 703 (1983).

Reasonableness relies not only upon when seizure is made, but upon how it is made. *Terry v. Ohio*, 392 U.S. 1, 28-29 (1968). *Anderson v. Creighton*, 483 U.S. 635 (1987) established that police officers are entitled to immunity where a reasonable officer would have believed the

13

actions taken by Defendant in seizing Plaintiff to be lawful if confronting the same circumstances.

### **'Objective Reasonableness'**

Objective reasonableness entails a case by case analysis to ascertain whether a reasonable official in defendant's position could have believed his conduct to be lawful in light of well-established law and the information he possessed. *Pray v. City of Sandusky* 49 F.3d 1154, 1158 (6th Cir. 1995).

Exceptions to a claim of qualified immunity are clearly established: state police officers are not so protected where three requirements are met: 1) Plaintiff asserts a violation of a constitutional right. 2) Plaintiff demonstrates that the right is clearly established. 3) Plaintiff raises a genuine issue of material fact as to whether the official should have known that his alleged conduct violated Plaintiff's established rights. *Harlow v. Fitzgerald,* 457 US 800, 817-19 (1982).

Defference is accorded to the officer's actions in making quick decisions in rapidly evolving situations. Hence *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002) found that "[t]his standard contains a built-in measure of defference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case."

### **Excessive Force Was Used**

Examining the totality of the circumstances as they exist here, the actions of the Defendants were "objectively unreasonable." Plaintiff had submitted to the Defendants authority when he sustained his injuries. There is no evidence to suggest anything to the contrary. The 6th Circuit has held that force against a neutralized person is objectively unreasonable. *McDowell v. Rogers,* 863 F.2d 1302, 1307 (6th Cir. 1988); *Phelps v. Coy,* 286 F.3d 295, 301 (6th Cir. 2002) *cert denied*, 537

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

U.S. 1004 (2003). There is sufficient evidence for summary judgment analysis, as established by the photographs of Mr. Murray's injuries, that Defendants used excessive force in the detention, thereby violating Mr. Murray's established Fourth Amendment.

It should be noted, Plaintiff is not even required to show a significant injury as even a slight injury is sufficient to establish a Fourth Amendment violation. *Holmes v. City of Massillon, Ohio,* 78 F.3d 1041, 1048 (6th Cir. 1996). *See also Martin v. Heideman,* 106 F.3d 1308, 1312 (6th Cir. 1997) (recognizing that applying handcuffs too tightly may amount to excessive force). Further, the Sixth Circuit has held that bruising and wrist marks create a genuine issue of material fact with respect to the existence of an injury. *Morrison v. Board of Trustees of Green Twp.,* 583 F.3d 394 (6th Cir. 2009). Applying this analysis in the light most favorable to Plaintiff, there is, at a minimum, a question of fact for the jury to decide whether the Defendants conduct was reasonable under the circumstances.

To evaluate whether the Defendants used excessive force in this instance, their conduct must be considered under the ameliorating standard of 'objective reasonableness.' The Sixth Circuit Court of Appeals has crafted three factors for evaluating the reasonableness of an officer's use of force: "1) The severity of the crime at issue; 2) Whether the suspect posed an immediate threat to the safety of the police officers or others, and 3) Whether the suspect actively resisted arrest or attempted to evade arrest by flight. *Smoak v. Hall*, 460 F.3d 768, 783 (6th Cir. 2006). Even a seizure which was lawful at its inception may violate the Fourth Amendment 'if its manner of execution infringes interests protected by the Constitution.' *U.S. v. Jacobsen*, 466 U.S. 109, 124 (1984). The *Smoak* factors are applied *supra*:

**The Severity of the Crime at Issue**

It is alleged in Defendant's motion, that Mr. Murray was in the midst of a home invasion burglary in the moments preceding this incident. However, the evidence seems to more accurately suggest that Mr. Murray, clearly disoriented, had inadvertently entered a home and was subsequently expelled from the home by its owner. There is no allegation that Plaintiff was armed with a weapon at the time of this incident.

**Mr. Murray Posed No Immediate Threat to the Safety of the Office or Others**

At the time Defendant arrived on scene, Mr. Murray was being held down by three men. As such, Mr. Murray offered no immediate threat to Defendant's safety, or to the safety of others on the scene.

**Plaintiff Did Not Actively Evade Arrest Or Seek to Flee the Scene**

There is no evidence or testimony that Mr. Murray ever sought to evade or flee from the Defendants.

**III.    Plaintiff has sufficiently established a Sec. 1983 claim against the City of Westland because there is sufficient evidence that the City's policy of custom caused the alleged constitutional violation**

In *Monell v. Department of Social Services*, 436 US 658 (1978), the United States Supreme Court held that when a municipal policy "of some nature" is the cause of unconstitutional action taken by municipal employees, the municipality itself will be liable. Liability will exist in an unconstitutional action "implements or executes a policy statement, ordinances, regulation, or decision officially adopted and promulgated" by a municipal officer aware of the constitutional depravation as it is pursuant to governmental "custom" even though such custom does not receive formal approval. *Id.* at 694.

16

The *Monell* court went on to define custom as "persistent and widespread discriminatory practices of state officials". *Id.* at 691. Policy or custom need not be made by the city's lawmakers, but can be set by "those whose edicts or acts may be said to represent official policy". *Id* at 694. *Monell* did not set the full contours of what other governmental actions would suffice to establish Section 1983 liability against municipalities. Since the Supreme Court decisions and a large body of lower federal court cases have resolved several issues in the area of "custom and practice" or "policy".

The law has developed to a point where a Plaintiff must show a "policy" or "custom" of the City, which caused the constitutional violation at issue. There are several specific theories of liability. Liability against municipalities may be based upon a single incident and the requirement of "policy and custom" do not necessitate proof of a long-standing practice. See *Penbaur v City of Cincinnati,* 475 US 469 (1986); *Owen v City of Independence*, 445 US 622 (1980). See also *McKinley v City of Eloy*, 705 F.2d 110 (9th Circuit, 1983). In *McKinley*, the court said that a jury could infer an unconstitutional practice from a single incident.

One theory whereby a Plaintiff can establish municipal liability is where a city acquiesces in the unconstitutional practice. Where a Plaintiff can prove that the violation of his constitutional right was caused by the acquiescence by policy making municipal officials and previous unconstitutional conduct by city employees, the municipality may be held liable for constitutional violation.*Vineyard v County of Murray* 990 F.2d 1207 (11th Cir. 1993). In *Vineyard,* there were: inadequate procedures for handling complaints against officers, lack of policies and procedures, and a lack of policies and procedures manual.

The reaction of the municipal officials to the incident in which the plaintiff's rights were violated is illustrative of and therefore probative of what the city's policy was at that time. *Grandstaff v City of Borger* 767 F.2d 161 (5th Cir. 1985). In *Grandstaff, Plaintiff* offered no evidence of misconduct of officers of the department prior to the evening in question. The *Grandstaff* court found, however, that there were several examples of reckless behavior during the incident involving Plaintiff's decedent. The Court relied on the complete failure of the police department to investigate the incident or to discipline any of the officers involved, in order to establish the informal policy of the department. Likewise, the First Circuit has also held that evidence of misconduct by officers during the event which gave rise to suit may be used as some evidence of the existence of policy or custom which caused the constitutional violation. *Bordanaro v McLeod,* 871 F.2d 1151 (1st Cir. 1989).

As noted, the Supreme Court in *Monell* held that a city's liability can be triggered by persons other than the municipality's official lawmakers: "[I]t is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell, supra.* at 694.

**IV. Westland Police Officer Dawley was not present when Donald Murray was detained and arrested and did not participate in any aspect of the confrontation with the decedent and therefore should be dismissed.**

Plaintiff concurs that Westland Police Officer Dawley should be dismissed from this Action for the reasons set forth in Defendants' Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court deny Westland Defendants' motion in its entirety.

                        Respectfully submitted,

                        **ROMANO LAW, P.L.L.C.**

                        BY: */s/ David G. Blake*
                                DANIEL G. ROMANO (P49117)
                                DAVID G. BLAKE (P73544)
                                Attorneys for Plaintiff
                                26555 Evergreen Road, Suite 1500
                                Southfield, Michigan 48076
                                248-750-0270 / fax 248-936-2105
                                dromano@romanolawpllc.com
                                dblake@romanolawpllc.com

Dated: May 13, 2013

LAW OFFICES
**ROMANO LAW, PLLC**
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
Gregory A. Roberts, Esquire, 33900 Schoolcraft Road, Livonia, MI 48150
Ronald E. Witthoff, Esquire, 217 West Ann Arbor Road, Suite 302, Plymouth, MI 48170
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: n/a

    Respectfully submitted,

    **ROMANO LAW, P.L.L.C.**

    By: */s/David G. Blake*
    DANIEL G. ROMANO (P49117)
    DAVID G. BLAKE (P73544)
    Attorney for Plaintiff
    23880 Woodward Avenue
    Pleasant Ridge, MI 48069
    (248) 750-0270; Fax (248) 936-2105